O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-8325 PSG (CWx) | Date | March 10, 2010 |
|---|---|---|---|
| Title | Mark Frost *et al.* v. Robert Frederick *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Dismissing Case

     On November 13, 2009, Plaintiffs Mark Frost ("Frost") and Good Comma, Ink. (collectively, "Plaintiffs") filed this declaratory relief action against Defendants Robert Frederick and MVP Entertainment, Inc. (collectively, "Defendants").  Plaintiffs allege that they, as owners of the copyright in Frost's novel *The Match*, entered into negotiations with Defendants regarding Defendants' possible acquisition of the movie rights to *The Match*. Plaintiffs allege that the parties never reached an enforceable agreement, but that Defendants claim that a series of e-mails between the parties did in fact give rise to an enforceable agreement.  Defendants have allegedly threatened suit against Plaintiffs if they do not acknowledge an enforceable agreement between the parties.  By this action, Plaintiffs seek a declaration from the Court that "Defendants hold no interest or ownership in any rights to *The Match*" and that "there is no contract between the parties with respect to *The Match*."  *See Cmplt* ¶¶ 19, 22.

     On January 4, 2010, the Court issued an order to show cause ("OSC") why the Court should not dismiss this action pursuant to its discretion under 28 U.S.C. § 2201(a).  On January 26, 2010, Plaintiffs filed their response to the OSC.  Plaintiffs argue, in essence, that the Court should entertain this action because it has exclusive jurisdiction over the parties' dispute. According to Plaintiffs, the Court has exclusive jurisdiction because the alleged agreement between the parties involved the transfer of "the exclusive rights granted to copyright owners" and § 204 of the Copyright Act requires such a transfer to be in writing.  *See Plaintiffs' Response to OSC* 2:18-22 (citing *Micro Star v. Formgen Inc.,* 154 F.3d 1107, 1113 (9th Cir. 1998)).

     Plaintiffs, however, present no authority indicating that this Court has exclusive

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8325 PSG (CWx) | Date | March 10, 2010 |
|---|---|---|---|
| Title | Mark Frost *et al.* v. Robert Frederick *et al.* | | |

jurisdiction over a run-of-the-mill, state-law dispute regarding contract formation simply because the contract involves a transfer of the exclusive rights of a copyright owner. In fact, case law indicates otherwise: "a contract-based claim must allege nothing more than an act of copyright infringement to be preempted" by the Copyright Act. *See Trenton v. Infinity Broadcasting Corp.,* 865 F. Supp. 1416, 1429 (C.D. Cal. 1994) (citing *National Car Rental v. Computer Associates,* 991 F.2d 426, 432 (8th Cir. 1993)). Here, the crux of the alleged dispute between the parties is simply whether an enforceable agreement was reached between them. That dispute involves something wholly apart from–and, thus, "more than"–allegations of an act of copyright infringement. *See Trenton,* 865 F. Supp. at 1429. Thus, the federal courts' jurisdiction to entertain Plaintiffs' action is not exclusive. *See id.*

The Court notes that the sole case cited by Plaintiffs, *Gardner v. Nike, Inc.,* 279 F.3d 774 (9th Cir. 2002), does not compel a different result. The court there merely noted in its recitation of the case's procedural history that a state court had dismissed for lack of subject matter jurisdiction an earlier incarnation of the dispute, which concerned the transfer of a copyright owner's rights under a licensing agreement. *See Gardner,* 279 F.3d at 777. The *Gardner* court did not explain, assess, or even express approval of the state court's decision. *See id. Gardner*, then, hardly supports Plaintiffs' contention that this Court has exclusive jurisdiction over the dispute alleged here.

As district courts "should avoid needless determination of state law issues," *Government Emples. Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998), the Court declines to exercise its discretion to entertain this action for declaratory relief under 28 U.S.C. § 2201(a). Accordingly, the Court dismisses the action without prejudice.

**IT IS SO ORDERED.**