O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#19

CIVIL MINUTES - GENERAL

| Case No. | CV 09-8325 PSG (CWx) | Date | May 11, 2010 |
|---|---|---|---|
| Title | Mark Frost *et al.* v. Robert Frederick *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Denying Plaintiffs' Motion for Relief from Order of Dismissal

    Before the Court is Plaintiffs' motion for relief from order of dismissal pursuant to Fed. R. Civ. P. 59 and 60(b). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court DENIES the motion.

I.    Background

    On November 13, 2009, Plaintiffs Mark Frost ("Frost") and Good Comma, Ink. (collectively, "Plaintiffs") filed a declaratory relief action against Defendants Robert Frederick and MVP Entertainment, Inc. (collectively, "Defendants"). The complaint alleged that Plaintiffs, as owners of the copyright in Frost's novel *The Match*, entered into negotiations with Defendants regarding Defendants' possible acquisition of the movie rights to *The Match*. The complaint alleged that the parties never reached an enforceable agreement, but that Defendants claimed that a series of e-mails between the parties did in fact give rise to an enforceable agreement. Based on these allegations, Plaintiffs sought a declaration from the Court that "Defendants hold no interest or ownership in any rights to *The Match*" and that "there is no contract between the parties with respect to *The Match*." *See Cmplt* ¶¶ 19, 22.

    On January 4, 2010, the Court issued an order to show cause ("OSC") why the Court should not dismiss the action pursuant to its discretion under 28 U.S.C. § 2201(a). On January 26, 2010, Plaintiffs filed a response to the OSC. Plaintiffs argued that the Court should exercise

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#19

CIVIL MINUTES - GENERAL

| Case No. | CV 09-8325 PSG (CWx) | Date | May 11, 2010 |
|---|---|---|---|
| Title | Mark Frost *et al.* v. Robert Frederick *et al.* | | |

its discretion to entertain the action because the Court had exclusive jurisdiction over the parties' dispute. The Court had exclusive jurisdiction, according to Plaintiffs, because the alleged agreement between the parties involved the transfer of "the exclusive rights granted to copyright owners" and § 204 of the Copyright Act requires such a transfer to be in writing. *See Plaintiffs' Response to OSC* 2:18-22.

On March 10, 2010, the Court, declining to exercise its jurisdiction to entertain the action, dismissed it without prejudice, noting that district courts "should avoid needless determination of state law issues." *See 3/10/10 Order* 2 (quoting *Government Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)). The Court indicated that it did not have "exclusive jurisdiction over a run-of-the-mill, state-law dispute regarding contract formation simply because the contract involves a transfer of the exclusive rights of a copyright owner." *See id.*

On March 22, 2010, Plaintiffs filed this motion for relief from the Court's order of dismissal ("Order") pursuant to Federal Rules of Civil Procedure 59 and 60(b) ("Motion").

II.     Legal Standard

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003) (citations and quotations omitted). In fact, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citations and quotations omitted). Moreover, "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Similarly, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any reason enumerated under Fed. R. Civ. P. 60(b). *See* Fed. R. Civ. P. 60(b). The final reason enumerated under subsection (b) is a catch-all: "any . . . reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6); *James v. United States,* 215 F.R.D. 590, 593 (E.D. Cal. 2002) (describing 60(b)(6) as "a catch-all provision"). However, as with the relief available under Rule 59, relief under Rule 60(b) is

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#19**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8325 PSG (CWx) | Date | May 11, 2010 |
|---|---|---|---|
| Title | Mark Frost *et al.* v. Robert Frederick *et al.* | | |

granted only in "extraordinary circumstances." *See United States v. Washington,* 593 F.3d 790, 799 (9th Cir. 2010).

III.  Discussion

Plaintiffs contend that the Court's Order of dismissal was based on two clear errors of law that warrant withdrawing the Order under Rules 59 and 60(b).  First, Plaintiffs contend that the Court committed a clear error of law when it concluded that "the federal courts' jurisdiction to entertain Plaintiffs' action is not exclusive."  *See Motion* 2:23-25 (quoting *3/10/10 Order* 2).  As a general proposition, federal courts have exclusive jurisdiction over claims "arising under" the Copyright Act.  *See* 28 U.S.C. § 1338(a).  According to Plaintiffs, federal cases have uniformly interpreted this to mean "that a claim falls within the exclusive copyright jurisdiction of the federal courts 'if the complaint is for a remedy expressly granted by the Act, . . . or asserts a claim requiring construction of the Act . . . .'"  *See id.* at 3:2-7 (quoting *Effects Associates, Inc. v. Cohen,* 817 F.2d 72, 73 (9th Cir. 1987)) (emphasis omitted).  Plaintiffs argue that their claim falls into the latter category because it turns on the question of whether the parties' e-mail communications satisfied the "signed writing" requirement of § 204(a) of the Copyright Act.  *See id.* at 3:8-23.

In making this argument, Plaintiffs rely principally on *Sullivan v. Naturalis, Inc.,* 5 F.3d 1410 (11th Cir. 1993), which Plaintiffs claim addresses "the exact same question" as the one presented here.  *See Motion* 3:24-25.  In that case, the parties disagreed about whether there was federal subject matter jurisdiction over a dispute concerning the validity of an oral transfer of rights in copyrighted material.  *See Sullivan*, 5 F.3d at 1413.  The Eleventh Circuit concluded that there was jurisdiction.  The court reasoned that it would be "necessary for the district court to decide what the parties intended with respect to the ownership and use of the . . . copyrighted material [and then] to interpret § 204(a) of the Copyright Act to assess the validity of their actions."  *See id.*  According to the court, these determinations required construction of the Copyright Act, and for this reason the case was one "arising under" the Act.  *See id.*

Here, however, the Court rejects Plaintiffs' argument for three reasons.  First, though Plaintiffs had clear notice of the Court's jurisdictional concerns when they responded to the Court's OSC, Plaintiffs made no mention of *Sullivan v. Naturalis* in their response.  Especially as the case supposedly addresses "the exact same question" as the one presented here, Plaintiffs should have argued *Sullivan* at that time, not now.  *See Carroll,* 342 F.3d at 945.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#19**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8325 PSG (CWx) | Date | May 11, 2010 |
|---|---|---|---|
| Title | Mark Frost *et al.* v. Robert Frederick *et al.* | | |

Second, the Court does not find *Sullivan* sufficiently on point to demonstrate the commission of clear error. In particular, it appears that *Sullivan* involved a dispute over whether the parties intended, by their agreement, merely to confer a "non-exclusive license" to use copyrighted material (as opposed to transferring ownership of the copyright) and, if so, whether such an agreement is excepted from § 204's writing requirement. *See Sullivan,* 5 F.3d at 1413 n. 5. Here, by contrast, there appears to be no dispute over whether the alleged agreement is subject to the writing requirement of § 204, merely over whether that requirement was satisfied. This is a significantly narrower question than the one in *Sullivan*, and less obviously requires "construction" of the Copyright Act.

Finally, the Court notes that "almost every case involving contract interpretation, appropriate for state court determination, could be recharacterized as a case appropriate for a federal court simply by framing the issue to be whether the disputed contract qualified as a writing within the meaning of section 204(a)." *Jasper v. Bovina Music,* 314 F.3d 42, 47 (2d Cir. 2002). As other courts have observed, the boundaries of the federal courts' exclusive copyright jurisdiction "cannot be obliterated by such verbal gymnastics." *See id.*

The Court's second clear error of law, Plaintiffs argue, was in dismissing this action "despite the fact that Defendants filed counterclaims for money damages over which this Court unquestionably has diversity jurisdiction." *See Motion* 1:26-28. According to Plaintiffs, "[t]he law in the Ninth Circuit is clear that when there is an independent basis for jurisdiction over other claims in a declaratory action, including counterclaims, the district courts have no discretion to dismiss those claims and to dismiss the entire controversy." *See id.* at 1:28-2:3. Defendants have represented to the Court, however, that "[t]o the extent (if any) that jurisdiction arguably arises from [Defendant] MVP Entertainment, Inc.'s counterclaims in this action, the defendant is ready and willing to dismiss them." *Opp.* 3:27-28 n. 3. Accordingly, the Court rejects Plaintiffs' second argument as moot.

For these reasons, then, the Court finds that Plaintiffs have failed to establish that this Court committed "a clear error of law" warranting reconsideration of the Court's Order under Fed. R. Civ. P. 59(e), *see Carroll,* 342 F.3d at 945, or that there is "any . . . reason that justifies relief" from the Order under Fed. R. Civ. P. 60(b).

IV.    Conclusion

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#19**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-8325 PSG (CWx) | Date | May 11, 2010 |
|---|---|---|---|
| Title | Mark Frost *et al.* v. Robert Frederick *et al.* | | |

    For the foregoing reasons, the Court DENIES Plaintiffs motion for relief from the order of dismissal.

**IT IS SO ORDERED.**